UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRIGETTE C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 4:18-CV-05040-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

**GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits and Supplemental Security Income on October 28, 2014. AR 308-15. Her alleged onset date of disability is September 1, 2006. AR 308, 310. Plaintiff's application was initially denied on January 20, 2015, AR 167-68, 177, and on reconsideration on April 14, 2015, AR 18, 189, 198.

A hearing with Administrative Law Judge ("ALJ") Mark Kim occurred on March 7, 2017. AR 118-57. On May 17, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 16-30. The Appeals Council denied Plaintiff's request for review on January 9, 2018, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 7, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 28 years old on the date the application was filed. AR 16, 28, 308, 310. She has at least a high school education. *Id*. Plaintiff is able to communicate in English. AR 28, 330. Plaintiff has past relevant work as a housekeeping cleaner/maid. AR 28.

//

## V. THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act since September 1, 2006, the date the alleged onset. AR 17, 30.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the filing of her application on September 1, 2006, the alleged onset date (citing 20 C.F.R. § 416.971 *et seq.*). AR 18.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder; generalized anxiety disorder; obsessive compulsive disorder; eating disorder; fibromyalgia; and headaches/migraines (citing 20 C.F.R. § 416.920(c)). *Id.*

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416.920(d), 416.925 and 416.926). AR 19.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity to perform light work with some exceptions: she can never climb ladders, ropes, or scaffolds; she should avoid all exposure to extreme temperatures, excessive noise (in excess of an office setting), and hazards such as dangerous moving machinery and unprotected heights; she is limited to simple routine tasks with no production rate or pace work; she is limited to occasional interaction with

the public and coworkers; and she must avoid all exposure to odors and chemicals. AR 21.

The ALJ determined that Plaintiff was unable to perform any past relevant work. AR 28.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can have perform. AR 30. These include, final assembler, small products assembler, and hand packager. AR 28-29.

## VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) Improperly assessing Plaintiff's symptom testimony; (2) improperly assessing the medical opinion evidence; (3) improperly concluding that Plaintiff's migraines do not medically equal Listing 11.02 at step three of the sequential evaluation.

## VII. DISCUSSION

### A. The ALJ Erred by Improperly Assessing Plaintiff's Migraine Headaches at Step Three of the Five Step Sequential Evaluation.

Plaintiff testified to experiencing her first migraine at eight years old. AR 131, 430, 564. Plaintiff claims that her migraines have continued throughout her life and that they have worsened over time. AR 131. She has taken multiple prescriptions

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

for her migraines, undergone physical therapy, Botox injection, and steroid injection. AR 56, 82, 87, 91, 97, 106, 521-31, 586, Plaintiff argues that she is presumptively disabled at step three because her migraines meet or exceed the criteria of Listing 11.02.

### 1. Legal standard.

A claimant is presumptively disabled and entitled to benefits if he or she meets or equals a listed impairment. To meet a listed impairment, a disability claimant must establish that his condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526).

The SSA's Program Operations Manual System ("POMS") sets forth multiple ways for the SSA to determine medical equivalence where the claimant has an impairment that is not described in the Listing of Impairments. POMS DI 24505.015(B)(2)(b). POMS also provides the following rationale requirements for use in determining medical equivalence for unlisted impairments; the ALJ should: (1) discuss the claimant's impairment, medical findings, and non-medical findings; (2) discuss the listing considered the most closely analogous listing; (3) compare

the findings of claimant's impairment to the findings of the most closely analogous listing; (4) explain why the findings of the claimant's impairment are at least of equal medical significance to the most closely analogous listing; and (5) cite the most closely analogous listing. *Id.* at 24505.015(B)(6)(c).

### 2. The ALJ properly determined that epilepsy is the most analogous listing to migraines.

Under the regulations because no listing for migraine headaches exists, the ALJ was required to compare the findings to "closely analogues listed impairments." 20 C.F.R. §§ 404.1526(b)(2), 404.1526(2)(3). The "responsibility for deciding medical equivalence rests with the administrative law judge or Appeals Council." 20 C.F.R. § 404.1526(2)(3). The POMS indicates that Listing 11.02 is the most closely analogous listed impairment to migraine headaches. POMS DI 24505.015; *see* 20 C.F.R Pt. 404, Subpt. P, App. 1, Listing 11.02.

Notably, out of all unlisted impairments, the SSA used chronic migraines to provide an illustrative example of how the above rationale could be applied:

> A claimant has chronic migraine headaches for which she sees her treating doctor on a regular basis. Her symptoms include aura, alteration of awareness, and intense headache with throbbing and severe pain. She has nausea and photophobia and must lie down in a dark and quiet room for relief. Her headaches last anywhere from 4 to 72 hours and occur at least 2 times or more weekly. Due to all of her symptoms, she has difficulty performing her ADLs. The claimant takes medication as her doctor prescribes. The findings of the claimant's impairment are very similar to those of 11.03, Epilepsy, non-convulsive. Therefore, 11.03 is the most closely analogous listed

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

> impairment. Her findings are at least of equal medical significance as those of the most closely analogous listed impairment. Therefore, the claimant's impairment medically equals Listing 11.02.

POMS DI 24505.015(B)(7)(b), Example 2.[1]

Thus, the SSA provides specific guidance regarding the applicability of Listing 11.02 to the step three medical equivalence analysis for migraine headaches. An ALJ's failure to specifically consider Listing 11.02 constitutes legal error when a claimant's migraine headaches were found to be severe at step two. *Edwards v. Colvin*, 2014 WL 7156846, at *3 (W.D. Wash. Sept. 15, 2014); *Spiteri v. Colvin*, 2016 WL 7425924, at *10 (N.D. Cal. Dec. 23, 2016); *Mesecher v. Berryhill*, 2017 WL 998373, at *5 (the failure to consider a relevant listing is error). While the ALJ did note that 11.02 was the appropriate Listing, the ALJ failed to specifically consider Plaintiff's subjective complaints as elements of the Listing. Further, the ALJ did not consider all of the elements required by Listing 11.02 because the record was not fully developed with regard to one element; the headaches must be "documented by detailed description of a typical [migraine

---

[1] The Court notes that Listing 11.03 referenced in this Example is a former operating section that was removed just to prior the ALJ's decision in this case. In 2017, the SSA combined Listing 11.03, non-convulsive epilepsy, and Listing 11.02, conclusive epilepsy, into 11.02 removing 11.03. *See Revised Medical Criteria for Evaluating Neurological Disorders*, 81 FR 43048–01, 2016 WL 3551949, at *43056 (July 1, 2016). However, the Example may still be looked to as a useful tool when determining whether a plaintiff's headaches meet an analogous Listing.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 11

headache], including all associated phenomena." 20 C.F.R Pt. 404, Subpt. P, App. 1, listing 11.02.

### 3. The ALJ improperly analyzed Plaintiff's migraines under the Listing and erred by failing to fully and fairly develop the record.

It is important to note that, at step three of the sequential evaluation process, it is still the claimant's burden to prove that her impairment meets or equals one of the impairments listed in 20 C.F.R. § 404, Subpart P. *Oviatt v. Com'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir.2007); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). However, in Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983).

The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Importantly, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.

2001); *Tonapetyan*, 242 F.3d at 1150. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ failed to develop the record in the case at hand.

The ALJ determined that Plaintiff's migraines did not meet or equal any of the neurological listings, including epilepsy, Listing 11.02. AR 19. To support her determination, the ALJ pointed to the lack of medical evidence, particularly from a medical professional, of a detailed description based on personal observation of one of claimant's headache events. *Id*. Listing 11.02 does require migraine headaches be "documented by detailed description of a typical [migraine headache], including all associated phenomena." 20 C.F.R Pt. 404, Subpt. P, App. 1, listing 11.02. The ALJ further noted mostly normal neurological scans and a normal CT scan, and that the majority of the evidence consisted of Plaintiff's subjective complaints. *Id.* For the following reasons, the ALJ incorrectly analyzed Plaintiff's migraines at step three.

With regard to Plaintiff's normal scans, while there may not be a laboratory or blood test to confirm a migraine disorder, and it may be that radiologic studies

do not always reveal an objectively-defined source of migraine pain, it is possible to present objective-like evidence to establish the severity of the claimed impairment such as the treating physician's personal observations of any physical manifestations of pain, chart notes reflecting ongoing attempts at treatment with medication(s), trips to the emergency room or hospital admissions for disabling migraine pain, a record of associated symptoms, or other similar evidence. *Mehrnoosh v. Astrue*, 2011 WL 2173809, at *7 (D. Or. June 2, 2011). There are several notations in the record with regard to Plaintiff's pain during appointments and ongoing attempts at treatment and medications. AR 52, 88, 109, 112, 429-30, 452, 455, 496, 527, 564. Further, neither the SSA nor the federal courts require that an impairment, including migraines, be proven through objective clinical findings.[2] *Thompson v. Barnhart*, 493 F. Supp. 2d 1206, 1215 (S.D. Ala. 2007).

---

[2] *See, e.g., Ortega v. Chater,* 933 F.Supp. 1071, 1075 (S.D.Fla.1996) (noting that "present-day laboratory tests cannot prove the existence of migraine headaches[ ]" and holding that an ALJ improperly discounted a treating physician's opinion that a claimant was disabled by migraines, despite the fact that there were no laboratory tests confirming the existence or severity of the headaches, where the opinion of the treating physician was consistent, extensive, and substantiated by objective medical evidence that the claimant suffered from symptoms that were associated with severe migraine headaches); s*ee also e.g., Stebbins v. Barnhart,* 2003 WL 23200371, *10–11 (W.D.Wis. Oct. 21, 2003) (remanding the ALJ's decision because it was based on errors, "foremost of which was a fundamental misunderstanding of the diagnosis and treatment of migraine headaches[ ]"); *Diaz v. Barnhart,* 2002 WL 32345945, *6 (E.D.Pa. Mar. 7, 2002) (stating that migraines "do not stem from a physical or chemical abnormality which can be detected by imaging techniques or laboratory tests, but are linked to disturbances in cranial blood flow [ ]"); *Federman v. Chater,* 1996 WL 107291, at *2, 1996 U.S. Dist. LEXIS 2893, at *6 (S.D.N.Y. Mar. 7, 1996) (noting that because there is no test for migraines, " 'when presented with documented allegations of symptoms which are entirely consistent with the symptomatology for evaluating the claimed disorder, the Secretary cannot rely on the ALJ's rejection of the claimant's testimony based on the mere absence of objective evidence[ ]' ").

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 14

Additionally, the POMS Example for migraines shows heavy reliance and consideration of a plaintiff's subjective complaints regarding his or her headaches/migraines. *See supra* pp. 10-11. In the case at hand, the ALJ failed to substantially consider Plaintiff's subjective complaint testimony along with the corroborating medical evidence in the record.

The ALJ owes a duty to claimants to fully and fairly develop the record. Because the ALJ based her determination most prominently on the missing detailed description of the headaches and lack of objective medical evidence, she should have provided or allowed an appropriate cure for the inadequacy prior to rendering her decision. *Massanari*, 276 F.3d at 459–60; *Tonapetyan*, 242 F.3d at 1150. There are multiple avenues provided to ALJ's to cure such inadequacies. *See* 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. § 404.1519a. Namely, she could have continued the hearing and called an expert to testify at the subsequent hearing. At the very least, she could have notified Plaintiff that the record was lacking and allowed Plaintiff an opportunity to cure the inadequacy. *Id.*

Without a detailed description of Plaintiff's headaches/migraines, the ALJ should have determined that the record was inadequate to allow for proper evaluation of the evidence. Faced with similarly deficient analysis by ALJs, courts have remanded for further administrative proceedings because the ALJ "is in a better position to evaluate the medical evidence" than a district court. *Santiago v.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15**

*Barnhart*, 278 F. Supp. 2d 1049, 1058 (N.D. Cal. 2003); *see also, e.g.*, *Galaspi-Bey v. Barnhart*, No. C-01-01770-BZ, 2002 WL 31928500, at *3 (N.D. Cal. Dec. 23, 2002).

### B. Remand is the Appropriate Remedy.

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record.

Because the Court finds that the ALJ erred in her assessment at step three and the error was not harmless, the Court need not address Plaintiff's remaining allegations of error. Instead, the Court remands.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ erred by failing to fully and fairly develop the record. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of April, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge